Singleton, Judge:
This claim was filed before the Attorney General on December 10, 1965, the accident from which it stems having occured June 30, 1964. The claim was subsequently transferred to this Court on July 1,1967, and set down for hearing on February 23, 1968, at which time it was dismissed for claimant’s failure to appear and prosecute same. On February 26,1968, claimant’s counsel moved this Court that the claim be reinstated and reset for hearing on the ground that he was hospitalized on the prior date and unable to appear. The Court, after consideration, sustained said Motion, reset this claim for hearing on May 15, 1968; at which time the evidence for claimant and respondent was introduced.
The evidence for claimant discloses that Richard Lee Crowd-er, who testified on behalf of claimant, was operating claimant’s truck on West Virginia State Route 4 on the afternoon of June *139 30, 1964, in Clay County, West Virginia, that claimant’s vehicle was proceeding in a northeasterly direction and following a State Road Commission truck and that it had been following said truck for approximately one-fourth to one-half a mile, that claimant’s driver in a straight stretch of the road then proceeded to overtake and attempt to pass said State Road Commission truck, sounding his horn and proceeding at a reasonable speed; that when claimant’s vehicle was partially along side said State Road Commission vehicle, the State Road Commission vehicle turned to the left and struck claimant’s vehicle. The evidence of claimant is further that the left front wheel of the State Road Commission vehicle and the right front wheel of claimant’s vehicle locked together and that the two vehicles veered to the left off the roadway and then back onto the roadway and came to a halt some distance down the road off to the right hand side of said road. There were no personal injuries and claimant contends its vehicle was damaged in the amount of $1,016.41, which amount was stipulated as reasonable and not questioned by respondent. Certain photographs were offered into evidence by claimant and admitted, depicting the area where the accident occured and showing that the highway was lined with a dotted line indicating a passing zone and disclosing the two vehicles side by side on the right hand side of the road after the accident occured. Respondent’s principal evidence was given by William R. Taylor, driver of the State Road Commission truck involved, who testified that he was aware that claimant’s vehicle was behind him and had been for approximately one-fourth of a mile; that when he prepared to make a turn off onto Secondary Route 14, he gave no hand signal but did activate his automatic left turn signal on his vehicle, although he testified that he did not know whether the turn signal was operating or not; that he had heard claimant’s driver sound his horn to pass but that it appeared to him the horn was sounded just prior to the time that his vehicle collided with claimant’s vehicle, that the two vehicles did lock together as testified to by claimant’s driver and that while he had a rear view mirror he did not answer directly whether or nof he had looked into it to observe any traffic coming from the rear prior to turning, but again responded that he knew the claimant’s truck was behind him. Counsel for respondent moved the Court that the claim be dismissed on the ground that *140 claimant’s vehicle was passing respondent’s vehicle within 100 feet of an intersection in violation of Section 6, Article 7, Chapter 17-C of the Code of West Virginia, and that the unpaved Secondary Road joining with State Route 4 at this point constituted an intersection as the same is defined in Section 42, Article 1, Chapter 17-C of the Code of West Virginia. The respondent further introduced pictures indicating that State Route 4 at this point is double lined to prohibit passing and that signs are erected indicating an intersection. Cross-examination of the witness Calvert indicated that these pictures were taken on February 1, 1968, approximately four years after the accident.
This Court is of the opinion that the principles enunciated by the Supreme Court of Appeals of the State of West Virginia in the case of Adkins vs. Minton, decided November 29, 1966, 151 S. E. 2d 295, control the legal questions presented by the evidence in this claim. The Supreme Court in this opinion reaffirms its interpretation of Section 8, Article 8, Chapter 17-C of the West Virginia Code, providing that not only should an appropriate signal be given by a person making a turning movement but also that any such turning movement made by a vehicle from a direct course upon a roadway shall not be done unless and until such movement can be made with reasonable safety. To quote the Supreme Court, “In other words, the statute provides an additional requirement imposed upon the driver of a forward vehicle attempting to make a left turn into a passing lane other than merely giving the proper signal. The correlative statute requires the driver of a vehicle overtaking and passing another vehicle proceeding in the same direction to give an audible signal and pass to the left thereof at a safe distance. Code, 17C-7-3 (a), as amended.”
By respondent’s driver’s own testimony he has failed to comply with that important additional requirement of the statute providing that one intending to make a left turn must ascertain if it can be done with reasonable safety. This is especially true inasmuch as he admitted that he was aware that claimant’s vehicle was behind him. Respondent’s driver, while confident that he switched on the automatic left turn signal, did not know whether or not it was working and verified that he did not give any hand signal. In view of this evidence it is the *141 opinion of this Court that respondent’s driver was guilty of negligence as a matter of law in accordance with the opinion of the Supreme Court of West Virginia in the above referred to case of Adkins vs. Minton. It is further the opinion of this Court that the physical evidence as shown by the pictures taken at the time of the accident discloses that the State Road Commission, itself, did not consider the joining of this unpaved secondary road with State Route 4 to constitute an intersection within the statutory definition of same, at least at the time of this accident. For this reason the motion of the respondent asking for the dismissal of this claim on the ground that violation of this statute constitutes prima facia negligence contributory to the accident and asking for dismissal of the claim is over-ruled.
After consideration of all of the evidence, including the documentary evidence introduced and the petition and exhibits, this Court is of the opinion that it has jurisdiction of this claim and so finds; that the damage sustained to claimant’s vehicle was solely caused by the negligence on the part of respondent’s driver and that this claim is one that in equity and good conscience should be paid by the State.
It is, therefore, the opinion of this Court that the claimant be, and he is hereby awarded the sum of $1,016.41.